JAMES R. BOYLSTON AND ANOTHER *vs.* JOSEPH CREWS.

A notice of appeal, under the Code, held sufficient as a notice of appeal from the judgment of the Circuit Court, though, in its terms, the notice was of an appeal from the order directing the judgment to be entered.

A judgment upon an answer as frivolous is appealable to the Supreme Court.

An answer, to be adjudged frivolous, must be clearly so in its whole scope and bearing, and not merely through a formal defect that might be cured by amendment. If argument is required to establish its character as frivolous, the Court will not dispose of it in the summary manner authorized by the Code.

BEFORE MELTON, J., AT CHAMBERS, COLUMBIA, AUGUST, 1870.

Appeal by the defendant from a judgment upon an answer adjudged to be frivolous, under Section 270 of the Code of Procedure.

The allegations contained in the complaint were as follows:

"1. That the defendant, on the 2d day of November, in the year 1865, at Charleston, in the said State, by his bill of exchange, commonly called an inland bill, required J. M. Brawley to pay to the order of Wylie T. Burge and Albert Z. Demorest, by their firm

name of W. T. Burge & Co., thirty days after the date thereof, the sum of twelve hundred and forty-four dollars and twenty-three cents, for value received.

"2. That the said bill was presented and accepted by the said J. M. Brawley.

"3. That, some time subsequently, the firm of W. T. Burge & Co. was dissolved, and the plaintiffs, for full consideration, purchased jointly the accounts and choses in action belonging to the said firm, which were assigned, and, by delivery, transferred to the plaintiffs; and among the choses so purchased and delivered was the inland bill of the defendant, hereinbefore described.

"4. That the said bill of exchange was regularly presented to the said J. M. Brawley for payment, but was not paid.

"5. That the defendant had notice of the non-payment, and the defendant subsequently made partial payments upon the said bill, to wit: Three hundred and thirty-eight dollars and eighty-nine cents ($338.89) on the 17th May, 1866; one hundred dollars ($100) on the 4th June, 1866; two hundred dollars ($200) on the 29th June, 1866; one hundred and forty dollars ($140) on the 29th May, 1867; and one hundred and twenty dollars ($120) on the 18th December, 1867; and fifty dollars ($50) on the 16th November, 1869.

"6. That the balance of the principal and interest due upon the said bill of exchange is still due and unpaid to the plaintiffs, who are the legal owners of the said bill of exchange, and legally entitled to receive the same. Wherefore the plaintiffs demand judgment against the defendant, as drawer of the said bill, for the balance of the principal, to wit: Two hundred and ninety-five dollars and thirty-four cents, ($295.34,) with the lawful interest that has accrued thereon, with costs of this action."

The answer was as follows:

"The defendant, Joseph Crews, by his attorneys, Chamberlain, Seabrook & Dunbar, answering the complaint herein:

"1. Admits that he drew the bill of exchange alleged in the said complaint, but denies that he incurred any personal responsibility for the same, inasmuch as he drew it as the agent of L. Dial, of the County of Laurens, in the State aforesaid, for whom he was at the time acting as mercantile agent, in a mercantile business, in the town of Laurens; and that W. T. Burge & Co., in whose favor the said bill of exchange was drawn, were well acquainted with the fact

that the goods purchased, for which the said bill of exchange was given, were purchased by the said Joseph Crews, as agent for the said L. Dial, and also believes that the plaintiffs, James Reid Boylston and Albert Z. Demorest, knew the fact before they purchased the said bill of exchange, and that it was generally known that the said defendant was then and afterwards acting as agent for the same L. Dial.

"2. He denies that the payments alleged to have been made by him at the divers times named in the said complaint were made out of his individual funds, but alleges that they were made out of the funds of his principal then in his hands.

"3. He denies that, as agent of the said L. Dial, he has any moneys in his hands belonging to his said principal, and avers that he never was, nor is now, liable in any manner, shape or form, personally, for the balance alleged in the said complaint to be due on the said bill of exchange.

"Wherefore the defendant demands judgment for costs in this action."

On the 22d August, 1870, His Honor Judge Melton made an order as follows:

"On reading and filing the pleadings in this action, and notice of this motion, and proof of due service thereof, and on motion of Pope & Haskell, for the plaintiffs, and after hearing Messrs. Chamberlain, Seabrook & Dunbar, in opposition thereto: Ordered, That the answer of the defendant, Joseph Crews, herein, be overruled as frivolous, and that the plaintiffs have judgment thereon for the relief demanded in the complaint, with costs of this action, and ten dollars' costs of this motion."

On the 23d August, 1870, judgment was entered for the plaintiffs.

The defendant appealed, his notice or ground of appeal being as follows:

"The Court below erred in overruling the answer as frivolous, and ordering judgment to be entered against the defendant for the relief demanded in the complaint, with costs of the action, and ten dollars' costs for the motion."

*Chamberlain,* for appellant:

First. An appeal lies from a judgment entered upon an order to strike out an answer as "frivolous."—*Manning* vs. *Tyler,* 21 N. Y., 570; *People* vs. *McCumber,* 18 N. Y., 315.

" The practice in regard to frivolous answers, demurrers and re-

plies is regulated by Section 247 (corresponding to Section 270 of our Code) of the Code, which provides that the party aggrieved may apply, upon a notice of five days, to a Judge out of Court, for judgment, and that judgment be given accordingly.

"The frivolous pleading in such cases is not stricken out, but remains upon the record and becomes part of the judgment roll. An appeal may be taken from the judgment, in such cases, from the special to the general term, and from thence to the Court of Appeals. But the manner of dealing with sham and irrelevant answers is entirely different," &c.—*Briggs* vs. *Bergen*, 23 N. Y., 163.

"It is first insisted that the order directing *final judgment* is erroneous; that the Judge has only power to adjudge the demurrer frivolous, leaving the parties precisely as if no pleading had been interposed.

"Whether a decision, under Section 247, is an order or judgment, has given rise to many conflicting opinions, as well as adjudications, both at special and general terms. The better opinion seems to be, and the majority of cases so hold, that such a decision is a judgment upon an issue of law, and not an order simply, from which alone an appeal can be taken."— *Witherhead* vs. *Allen*, 28 Barbour, 663, and authorities there cited; *King* vs. *Stafford*, 6 How. Pr. Rep., 127; 5 How., 30, 247; 6 *id*, 21; 7 Barb., 581; 7 How., 396.

Second. The answer, in this case, sets up a valid defense, or, at least, such a defense as would require the intervention of a jury to determine its sufficiency.

"Every contract made with an agent, in relation to the business of the agency, is a contract with the principal, entered into through the instrumentality of the agent, provided the agent acts in the name of his principal. The party so dealing with the agent is bound to his principal; and the principal, not the agent, is bound to the party. It is a general rule, standing on strong foundations, pervading every system of jurisprudence, that where an agent is duly constituted, and names his principal, and contracts in his name, and does not exceed his authority, the principal is responsible, and not the agent. The agent becomes personally liable only when the principal is not known, or where there is no responsible principal, or where the agent becomes liable by an undertaking in his own name, or when he exceeds his power. If he makes the contract in behalf of his principal, and discloses

his name at the time, he is not personally liable, even though he should take a note for the goods sold, payable to himself," &c.—2 Kent. Com., 629 and 630.

"But although the rule is thus strict in relation to the mode of executing sealed instruments, where, for one, the objects of the instruments, as well as the due technical and legal operation of the same, it is essential that they should be in the name of the principal, and under his seal, yet a more liberal exposition is allowed in cases of unsolemn instruments, and especially in cases of commercial and maratime contracts, which are usually drawn up in a loose and inartificial manner."—Story on Agency, Section 154, p. 181.

Third. This answer is not such an answer as to fall within the meaning of the term frivolous, as used in the Code, and interpreted by the Supreme Court of New York.

"An answer which denies a material allegation of the complaint is not frivolous."—*Davis* vs. *Potter*, 4 How. Prac. Rep., 156 ; also, *Richter* vs. *McMurray*, 15 Abbot Prac. Rep., 346.

The defendant may set forth as many defences, whether legal or equitable, or both, as he may have.—Subdivision 2, Section 173, of Code.

The insufficiency of a pleading must be so apparent that the Court can determine it upon *bare inspection, without argument.*—*Sixpenny Savings Bank* vs. *Sloan and others*, 13 How., 544.

"Although there is but slight evidence of merits in a defense, it is sufficient to prevent the answer from being struck out as sham or frivolous."—*Munn and others* vs. *Barnum*, 12 How., 563.

"The doctrine of the cases is, that the Court must be well satisfied that such pleading is *clearly* frivolous, and is interposed in bad faith, for the purposes of delay, or some other improper motive."—*Temple* vs. *Murray and Ely*, 6 How., 329.

"An answer which is so framed that it does not set up a valid defense, but which states facts that may, by being properly averred, constitute a defense, will not be struck out as sham, irrelevant or frivolous."—*Struver* vs. *The Ocean Insurance Company*, 9 Abb., 23.

The same doctrine is held in *Alfred* vs. *Watkins*, 1 Code, Rep. U. S., 343.

*Pope & Haskell*, contra.

May 29, 1871.　The opinion of the Court was delivered by

WILLARD, A. J.　It is objected to the notice of appeal that it is based upon the order for judgment, and not upon the judgment itself.

This, if applicable, would be fatal to the appeal. But the notice of appeal, though certainly informal, refers to a judgment in terms, and it is obvious that the object of the appeal is to get rid of the effect of such judgment.

Placing this liberal interpretation on the terms of the notice, with reference to the manifest object of the appeal, we are enabled to treat it as substantially an appeal from the judgment itself.

A judgment upon an answer as frivolous is appealable to this Court.

An answer to be adjudged frivolous must be clearly so. If argument is required to establish that character, the Court will not dispose of it in this summary manner.

The complaint was on a draft drawn by the defendant Crews and accepted. The plaintiffs are holders for a valuable consideration. The answer alleges that the defendant Crews drew the draft as agent for a third party, and for the payment of a debt due by such third party to the drawee, and that the drawee took the bill upon such understanding. It also charges that the plaintiffs took the draft with knowledge of these facts.

With the truth or falsity of the answer we have nothing to do. If demonstrably false the remedy was to strike it out as sham. Its truth must be assumed. If frivolous it is only so in its legal bearings. Nor will we merely criticise the mode in which the facts contained within it are alleged, upon an application of this nature. It is not the purpose of such a motion to enable the plaintiff to take advantage of defects or inadvertences in the form of pleading.

To meet the charge of frivolousness the pleading must be of that character in its entire scope and bearing, and not merely through a formal defect that might be cured by amendment.

All that we are called on to say of the defense set up by the answer is that it is not frivolous. If the fact stated is true, the drawee could not hold the defendant personally upon it, nor could a holder for value with notice have any higher rights than the drawee himself.

The judgment below must be reversed and the case remanded for further proceedings.

*Moses*, C. J., and *Wright*, A. J., concurred.